JANUARY TERM, 1869. 73

Pruit et al. v. Pruit et al. Adm'rs.

---

PRUIT et al. *vs.* PRUIT et al. ADM'RS.

[MOTION TO SUBSTITUTE LOST RECORD.]

1. *Lost records ; substitution, notice of, what sufficient.*—The notice of a motion to substitute a lost record, under the act approved January 18th, 1866, is sufficient, if issued from the court in which the motion for substitution is to be made; it is not necessary that affidavits should accompany the notice.
2. *Same ; who may join in.*—Any number of parties, interested in having the substitution made, may join in the notice.

From Probate Court of Lawrence.
Tried before Hon. J. H. McDonald.

THIS proceeding, which was a motion to substitute a lost record, was commenced by serving upon Richard Pruit

and John Moore, as administrators of the estate of Wm. Pruit, deceased, the following notice :

"State of Alabama, }    To any sheriff of the State of Lawrence county. }  Alabama.

You are hereby commanded to give notice to Richard Pruit, and John Moore, as the administrators of the estate of William Pruit, deceased, that Martha Pruit, widow of said William Pruit, deceased, in her own right, as one of the distributees of said William Pruitt, deceased, and in her right as guardian of Sarah J. Pruit, also a distributee of said William Pruit, deceased, will make a motion in the probate court of said county, before the judge of said court, at the court-house of said county, on the first Monday in September, inst., the same being the third day of said month, to supply the lost record of the final settlement and distribution of the estate of said William Pruit, deceased, made by said Richard Pruit and John Moore, as administrators as aforesaid, in said court of probate, on the 24th day of April, 1857, a copy of which is hereto appended as part of this notice ; and motion will also be made, at the same time, to enroll said copy of said record, as a substitute for said lost record ; when and where they can attend, and show cause against the same, as they may be advised.

" Herein fail not, and have you this notice, at our said court of probate, on said first Monday in September, inst., and how you have executed the same.

J. H. McDonald, J. P. C."

August 7, 1867.

Attached to the notice was a copy of all the orders and decrees of the probate court, in relation to the final settlement and distribution of said estate, a statement of said final account, and all the proceedings in relation thereto, from the application for final settlement, down to, and including the settlement, and the order of court recording it as such.

The notice was duly served upon both defendants, and the hearing, by consent, was continued to the third Monday in January, 1867.

When the motion came on to be heard, the defendants' attorneys suggested to the court the death of said Sarah J. McDaniel, formerly Pruit, and also the death of John Moore, one of the administrators of the estate of said Pruit, and said Richard Pruit, the remaining administrator, demurred to plaintiff's notice of motion in this cause, on the following grounds :

1. Because said notice in this cause, and the original copy served, has never been sworn to by any person, nor is the same verified by the affidavit of any person, nor were any affidavits, nor copies of affidavits, served on him, verifying or establishing by any evidence, or offering to prove or show evidence in proof of the same, that the said record, proposed to be substituted, is true and correct.

2. Because said record, proposed to be substituted, is sustained by no affidavits nor depositions of the truth and correctness of the said paper, proposed to be enrolled as the lost record in the said case.

3. Because the record does not disclose any proceedings instituted, or any notice issued by said Martha Pruit, either in her own right, or as guardian of Sarah J. McDaniel, formerly Pruit, to substitute the paper served on him in this case, as a lost record.

4. Because the paper proposed to be substituted, shows that the alleged judgments were rendered more than one year before proceedings had in this motion, and there is no averment or evidence that any execution has issued thereafter.

5. Because there is a misjoinder of motions, in the same proceedings, viz : In the name of Martha Pruit, in her own right, and also as guardian of Sarah J. Pruit.

6. Because the proceedings, in this cause, show that the only notice ever served upon defendant, of the motion of substitution, is a notice appended to said proposed substituted record, dated August 7th, and signed J. H. McDonald, J. P. C., and addressed to any sheriff of the State of Alabama, whereby he is commanded to give notice to this defendant and John Moore, as the administrators of the estate of William Pruit, deceased, ·that said Martha Pruit,

in her own right, and in her right as guardian of Sarah J. Pruit, would make the motion of substitution aforesaid.

7. Because said notice, so served on him, does not state with distinctness, the amount of the judgments sought to be substituted, nor is the amount verified by affidavit, or otherwise."

The court sustained the demurrer, ordered that said notice be dismissed, and taxed the plaintiff with costs; and the plaintiff excepted.

The ruling of the court is now assigned as error.

T. M. PETERS, for appellant.
L. P. WALKER, for appellee.

[No briefs came into the hands of the reporter.]

B. F. SAFFOLD, J.—The question presented in this case is the sufficiency of the notice of the motion to substitute another record, in the place of one lost, under the provisions of the statute for the substitution of lost records. Acts, 1865–6, pp. 48, 49.

Section 2, of the act, requires: "That the party proposing to make such substitution, shall give the opposite party notice, which shall be executed at least ten days before the term of the court, at which such motion is proposed to be made, which notice shall state the court in which the judgment or decree proposed to be substituted, was rendered; the amount and date of the same, as nearly as may be, and any payments, with the date thereof, which may have been made thereon, and which said notice shall be the basis of the motion in said cause."

The appellees demurred to the notice given in the court below, assigning several grounds of demurrer, in substance as follows: "The notice was not sworn to; no affidavits were served on the defendants to prove that the record, proposed to be substituted, was correct; the notice was not issued by the plaintiff, but by the probate judge; more than one year had intervened between the alleged rendition of the judgment and the notice of motion to substitute, without evidence or averment that any execution had

·ever issued; there was a misjoinder of parties plaintiff; the notice does not state, with distinctness, the amounts of the judgments sought to be substituted, nor is the amount verified by affidavit.

The mode of proceeding, to substitute a lost record, prescribed by this court, in *Adkinson et al. v. Keel*, use, &c., 25 Ala., p. 551, and *McLendon v. Jones*, 8 Ala. 298, refers to the inherent power of the courts to make such substitution under the common law.

Here we have an act of the legislature, conferring express authority and prescribing the manner of its exercise. It is immaterial whether the notice is issued by the party desiring the substitution, or by the court in which the substitution is to be made. It is not only proper, but becoming, that the court should issue the notice, because it is more conducive to order. The act does not require the notice to be sworn to, nor that affidavits of the correctness of the record proposed to be substituted, should accompany it.

The notice in this case was issued by the probate judge, and executed by the sheriff. It informed the defendants, as the administrators of the estate of William Pruit, deceased, that the plaintiff, in her own right, as one of the distributees, and as the guardian of Sarah J. Pruit, also a distributee of said estate, would move the probate court of Lawrence county, on a certain day, to supply the lost record of the final settlement and distribution of said estate, as made by said administrators, at a certain time, and duly recorded in said court.

There was appended to this notice, and directed to be made a part of it, a copy of the record proposed to be substituted. The act does not require the amount of the judgments to be verified in the notice, nor does it require that the exact amount should be stated in the supplied record, but only as nearly as may be, because it might be impossible to ascertain the precise amount.

Any party interested had a right to commence and prosecute this proceeding. The object was single, and the one question to be determined was, whether the proposed record should be substituted or not. It was, therefore, immate-

rial how many of those interested joined in the notice. There was consequently no misjoinder of parties.

The intervention of one year between the alleged rendition of the judgments and the notice, was not a ground of demurrer. The proposition was to establish the record of certain judgments, of a certain date, which had been lost. Any rights of the defendants, on account of the non-issuance of execution, could be maintained when the judgments were sought to be enforced.

On the hearing of the motion the court is to be satisfied, by the evidence adduced, of the former existence and contents of the judgment or decree proposed to be entered of record, and for this purpose may receive any legitimate testimony, written or oral.

The notice given was a sufficient compliance with the statute, and the probate court erred in sustaining the demurrer. The judgment is reversed, and the cause remanded.

PETERS, J., not sitting, having been of counsel.