# Ward *v.* The State.

*Motion for Substitution of Lost Record in Criminal Case.*

1. *Substitution of lost or destroyed record.*—The statutory provisions authorizing the substitution of the record of any judgment or judicial proceeding which has been lost or destroyed (Code, §§ 555–58), are cumulative to the inherent power which the court possesses by virtue of its original and plenary jurisdiction.

2. *Same; copies of record, and evidence.*—It is not necessary that the notice of the motion shall state the evidence which will be offered, but the substitution may be made upon the best evidence that can be adduced, if satisfactory to the court; and when copies of the lost record and proceedings are attached to the notice, verified by the affidavit of the clerk, and oral evidence in addition is offered, which is not set out, this must be held to be satisfactory and sufficient to authorize the substitution.

3. *Same; sufficiency of original judgment.*—On motion to substitute the lost record of the conviction and proceedings in a criminal case, no question can arise as to the sufficiency of the proceedings to sustain the original judgment.

FROM the Circuit Court of Dale.

Tried before the Hon. H. D. CLAYTON.

This was a motion by the solicitor, in the name of the State, "to supply and substitute the lost and burned record of the organization of the court and grand jury that found the bill of indictment against William J. Ward, and all the records of the organization of the court, ordered, published and made, and all the records of all the proceedings on the arraignment, trial, conviction and sentence of said William J. Ward, in the case of the State *v.* William J. Ward, charged with the murder of Jacob J. Parmer; also, to enroll said copy of said record as a substitute for said lost and burned record." Copies of the orders and proceedings proposed to be substituted, verified by the affidavit of the clerk of the court, were appended to the notice served on the defendant; and he appeared and filed objections in writing to the granting of the motion. The objections

[Ward v. The State.]

were, in substance, that the court had no power or jurisdiction to make the proposed substitution; that the evidence offered by the State was insufficient to authorize the substitution; that the papers proposed to be substituted did not show a legal conviction of the defendant; that there was no order of the probate judge showing the selection of the grand jury; that the papers did not show the order for a special *venire*, and its service and return; that the papers did not contain a full and complete copy of the entire record of the case, the charge of the court to the jury being omitted, and also the bill of exceptions. On the hearing of the motion, as the judgment-entry recites, " the State offered in evidence, in support of the motion, the affidavit on file of J. A. Adams, the clerk of the said court, and the oral evidence of said Adams, that the record as offered is correct, and that the original is destroyed. The defendant objected to the granting of said motion, and filed the following written objections," setting them out. " The defendant proved that, on his said trial under said indictment, the charge in chief by the court to the jury was delivered in writing, having been so required by the defendant; and he further objected to the granting of said motion, because said charge was not embraced in said proposed record. The said motion and objections were duly considered by the court; and upon the evidence it is considered, ordered, and adjudged by the court, that the following be, and the same is hereby, established as the record, and enrolled as such." The defendant excepted to this action and judgment of the court, and he assigns the same as error.

OATES & COWAN, J. W. FOSTER, W. D. ROBERTS, and W. E. MAULDIN, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—Cumulative to the inherent power which the court possesses by virtue of its original and plenary jurisdiction, statutory provision is made for the substitution of the record of any judicial proceeding, suit or judgment of the Circuit Court, which may be lost, burned, or otherwise destroyed. The party proposing to make substitution is required to give the opposite party at least ten days' notice before the term of the court at which such motion is proposed to be made; which notice shall state the court in which the judgment proposed to be substituted was rendered, the amount and date of the same, and payments, if any; and such notice shall be the basis of the motion. It is not required that notice shall be given of the evidence intended to be offered; but the substitu-

tion may be made by order of the court, upon the best evidence that can be adduced, and which shall be satisfactory to the court, of the former existence and contents of the record. Code, § 555; *Lilly v. Larkin*, 66 Ala. 110.

Notice of the proposed motion was served on the appellant more than ten days before the term of the court at which it was proposed to make the substitution. Copies of the proceedings, orders, records and judgment proposed to be substituted, were appended to the notice, showing the date of each, and the particular case in which they arose. A notice, substantially similar, has been held sufficient.—*Pruitt v. Pruitt*, 43 Ala. 73.

The appellant appeared, and, without objecting to the sufficiency of the notice, filed objections going to the power and jurisdiction of the court, to the sufficiency of the evidence, and also to the sufficiency of the record proposed to be substituted, to sustain the judgment of conviction. The affidavit of the clerk, which accompanied the notice, was sufficient, in the absence of countervailing evidence, to authorize the substitution. But the record recites that, in addition, oral evidence was offered, which, the contrary not appearing, will be presumed to have been satisfactory to the court, and sufficient.

On the motion to substitute, the legal sufficiency of the record, as proposed to be substituted, to sustain the final judgment, does not arise. Whether the proceedings were regular or irregular, a substantial copy of the lost or destroyed record must be substituted; and when substituted, it has the same effect and efficacy the original would have had. The question of its sufficiency to sustain the conviction must be determined on appeal from the judgment of conviction.

Affirmed.