# Peddy *v.* Street.

*Motion to Substitute Record of Destroyed Judgment.*

1. *Amendment by striking out part of papers.*—On motion to substi-
tute a judgment, the record of which has been lost or destroyed, an
amendment may be allowed striking out the summons and complaint
as a part of the papers to be substituted.

2. *Defenses against substitution.*—On motion to substitute the record
of a judgment which has been lost or destroyed, the copy proposed to
be substituted reciting the service of process on the defendant, he may
controvert the correctness of the copy in this particular, but not the
recitals of the original judgment as to the service of process on him.


APPEAL from the Circuit Court of Clay.
Tried before the Hon. LEROY F. BOX.

WATTS & SON, for appellant.

CLOPTON, J.—This is an appeal from an order of the
Circuit Court, substituting the record of a destroyed judg-
ment rendered at the Fall term, 1869, of the same court.
The proceedings, as originally instituted, also sought to sub-
stitute the summons and complaint in the cause in which the
judgment was rendered. The motion for substitution was
amended by striking out so much as referred to the summons
and complaint. The movant certainly had the right to aban-
don the whole, or any part of his application; and the
amendment was merely an abandonment of the part stricken
out. We discover no valid objection to the amendment.

The appellant appeared, and filed pleas, setting up that a
copy of the summons and complaint in the original suit was
not served on him; that he had no notice of such suit; and
that the court, in rendering judgment, did not have jurisdic-
tion of his person. The judgment proposed to be substituted
recites, that a copy of the summons and complaint was served
on appellant. On a motion to substitute, appellant can not
contest the truth of the recitals of the record, though he may

show that the lost or destroyed record did not contain such recitals. On such motion, the court does not render, or revive the judgment; but merely supplies the record evidence of one already in existence. The whole purpose is to reestablish evidence of its existence, in itself conclusive, and to dispense with the necessity of resorting to secondary evidence.—*May v. Parham*, 68 Ala. 253. If the court is fully satisfied by the proof as to the correctness of the proposed substitute, it will order the judgment enrolled as it stood originally; and when enrolled, it possesses neither more nor less validity than the original judgment.—*Atkinson v. Keel*, 25 Ala. 551; *Lilly v. Larkin*, 66 Ala. 110; *Ward v. State*, 78 Ala. 455. On a proceeding to substitute a lost record, the court can not consider a collateral issue.

Affirmed.