# Dean v. The State.

### Indictment for Assault and Battery.

1. *Punishment of child by parent, or by one standing in his place.* A parent is not criminally liable for a punishment inflicted on his child, although the jury may deem it immoderate or excessive, unless they also believe that he acted with legal malice, or inflicted permanent injury on the child; and the same rule applies to one standing *in loco parentis*, or exercising his delegated authority.

2. *To what witness may testify; expert* —A witness who examined the child alleged to have been beaten, but who is not a physician, or like expert, can not give his opinion that no permanent injury was inflicted.

3. *Admission as to testimony of absent witness; testimony on former trial.*—An admission as to the testimony of an absent witness, as contained in a written showing for a continuance, is a substitute for the oral testimony of the witness; and the defendant can not complain, if the court requires him to elect between that showing and secondary evidence of the testimony of the witness on a former trial.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case, Abe Dean, was indicted for an assault and battery on Annie Lou Johnson, a child six

[Dean v. The State.]

years old; was convicted under the charge of the court, and fined $20. On the trial, as appears from the bill of exceptions, the evidence for the State "tended to show that the defendant whipped the child with a white-oak withe, or split, such as baskets are made of, which was about two feet long, had been smoothed on one side, and was variously described by the witnesses as being in width from two fingers broad to considerably less; that welts in considerable number were left on her back, which, as described by the physician who examined her the next morning, were red and inflamed, and some of them about the size of a goose-quill, but the skin was not broken. One of the witnesses for the State testified, that blood issued from one or two of the welts, or bruised places; but there was a conflict in the State's evidence as to this last fact; and no witness was present, or saw the whipping. The evidence for the defendant tended to show that the child's father had deserted his family, which consisted of his wife, the mother of the child, and their two children, a boy about nine years old and said child, and his whereabouts was unknown; that the mother was away from home every day, being hired out; that she and the defendant had been, and were at the time of the alleged offense, on terms of intimacy, and he frequently passed the night with her at her house; and that she had specially authorized him to whip and correct the children, and had told him that she once caught them in the act or attempt to have sexual intercourse with each other. The testimony showing the defendant's authority to whip the children was uncontradicted. The mother and her two children were not introduced as witnesses, and it was shown that they were beyond the limits of the State; and it was further shown that they and the defendant were all negroes. The evidence for the defendant tended to show that the girl was not permanently or seriously injured. It having been neglected to ask the physician, who testified for the State, if any serious or permanent injury had been done to the child by the alleged whipping, and said physician having got out of convenient reach of the court, the defendant asked W. D. Cheatham, a policeman and witness for the State, who had carefully examined the child a few hours after the whipping, whether the child was permanently injured; but the court excluded this testimony, on the ground that said witness was not an expert, and the defendant excepted. The defendant's evidence tended to show that he had caught the two children in the act of attempting to have

sexual intercourse with each other; and he admitted that he had whipped the boy for it, but denied that he had whipped the girl. It was admitted, in answer to a showing for a continuance by the defendant, that the mother would swear, if present, that she had authorized the defendant to whip and correct the children, and had told him that she had once caught them in the act of attempting to have sexual intercourse; and the boy would swear, if present, that the defendant caught them in such act. The defendant introduced a witness who testified as to the evidence given by the mother of the child on a former trial of the defendant for the same offense before the Recorder's court of the city of Montgomery; and the court thereupon required him, on motion of the solicitor for the State, to elect whether he would retain the admission as to the testimony of said witness contained in the showing for a continuance, or on his proof as to her testimony before the Recorder; to which ruling the defendant excepted."

The court charged the jury as follows: "If one standing in *loco parentis* inflicts corporal punishment on a child, greatly excessive in its severity, all the circumstances considered, he commits an unlawful act, whether the injury be permanent or temporary. Malice is not a constituent element of this offense, any more than in other assaults and batteries; neither is it necessary for the State to prove that the punishment was inflicted with a malicious purpose, as contended by the defense. If malice is to be made the criterion of this defense, it would, in a great measure, withdraw from children the protection of the law. It is enough that the punishment was inflicted, and was, under all the circumstances, unreasonably and immoderately severe; and whether it was so must, in each instance, in the nature of things, be left to the enlightened consideration of the jury." To each part of this charge the defendant excepted, and requested other charges, asserting contrary principles, duly excepting to their refusal.

SAYRE & PEARSON, for appellant, cited *Boyd v. State*, 88 Ala. 169; *Ala. Gr. So. R. R. Co. v. Yarbrough*, 83 Ala. 242; 1 Greenl. Ev., § 440, note *a*, 14th Ed.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The law of this case is fully settled by the principles declared in *Boyd v. The State*, 88 Ala. 169; 7 South. Rep. 268.

[Dean v. The State ]

We there held, that one standing in *loco parentis*—exercising the parent's delegated authority—may administer reasonable chastisement to a child, or pupil, to the same extent as the parent himself. The parent is not criminally liable, in all cases, merely because, in the opinion of the jury, the punishment inflicted is immoderate, or excessive. More than this is requisite to fasten upon him the guilt of criminality. He must not only inflict on the child immoderate chastisement, but he must do so *malo animo*—with legal malice, or wicked motives; or else he must inflict on him some permanent injury. If there be no permanent injury inflicted, or no legal malice can be inferred, no conviction can follow. This is the necessary result of the rule, that the parent, as to such matters of discipline, exercises, *pro hac vice*, judicial functions, within the bounds above stated.

In determining the question of the reasonableness of the correction, or the existence of malice, the jury may consider the nature of the instrument used, and all the other attendant circumstances. The authorities bearing on these points are more fully discussed in *Boyd's Case, supra.*

The rulings of the court are clearly opposed to these views, and for this reason the judgment must be reversed.

Whether the injury inflicted on the child was permanent in its nature, was a matter as to which no one could give a mere opinion, admissible in evidence, other than a physician, or like expert. The court did not err in excluding the opinion given by the witness Cheatham on this subject.

We perceive no error in the action of the court compelling the defendant to elect, on the one hand, between the introduction of the written statement made as a showing of what the absent witness would swear to if present, and, on the other, of the secondary testimony of such witness, as to the same matter, given on a former trial before the Recorder's court. The former was original evidence, and the latter was secondary, admissible only on the ground of necessity to prevent the defeat of justice. The written statement, being a substitute for the oral evidence of the absent witness, would seem to be the only competent evidence of the two. There is nothing, therefore, in this ruling of the court, of which the defendant can complain.

Reversed and remanded.