# Haydon v. The State.

### Assault and Battery.

(Decided August 1, 1916.  72 South. 586.)

1. Assault and Battery; Parent and Child; Elements.—A parent is not criminally liable for inflicting excessive punishment upon his child, unless the intent is malicious, or the punishment cruel, or resulted in permanent injury.

2. Same; Evidence.—The fact that a father whipped his fourteen year old stepdaughter with a switch is not sufficient to sustain a conviction for an assault.

[Haydon v. The State.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Ben Haydon was convicted of an assault and battery, and he appeals. Reversed and remanded.

LEE & TOMPKINS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1) A parent is not criminally liable in all cases merely because the punishment inflicted on his child is immoderate or excessive, and in cases where permanent injury to the child is not shown, it is incumbent on the prosecution to show that the chastisemnet was the result of malice or wicked motive. In the absence of malice or wicked motive, the parent, as to matters of discipline, "exercises pro hac vice judicial functions," with the limitation that the punishment must not be cruel and permanent injury must not be inflicted.—*Dean v. State*, 89 Ala. 46, 8 South. 38; *Boyd v. State*, 88 Ala. 169, 7 South. 268, 16 Am. St. Rep. 31.

(2) The most that the evidence on the part of the state tends to show is that the licks were immoderate, but there is no pretense that the girl was permanently injured, or that the chastisement was cruel. Her testimony was: "I am 14 years of age. I know Bob Haydon. He is my stepfather. I lived with him in January of this year, and one morning the first part of January, about 10 o'clock, in the field back of the house he whipped me with a persimmon switch."

There is nothing in the evidence showing, or tending to show, how the girl was dressed, or what effect, if any, the whipping had on her person, and there is nothing in the character of the switch used to justify an inference of malice or wicked motive. The opinion here prevails that the evidence fails to make a case against the defendant, and the affirmative charge requested by him should have been given.

Reversed and remanded.