## STATE v. SPIEGEL
(No. 1508; Oct. 16, 1928; 270 Pac. 1064)

*Edwin L. Brown,* for appellant.

*W. O. Wilson,* Attorney General, *Jas. A. Greenwood,* Deputy Attorney General, for respondent.

· Blume, Chief Justice.

The defendant was convicted of an assault and battery on one Charlie Bailey, and from that conviction and sentence thereon he has appealed. The only points argued are those hereinafter mentioned.

1. The information charges the defendant with having committed the assault and battery on February 5, 1926, while the evidence showed it to have been committed on February 4, 1926, and it is claimed that this constitutes a variance and that the evidence should have been excluded. There is no merit to this contention. The precise time at which the offense is charged to have been committed is not material unless time is of the essence or gist thereof. 14 R. C. L. 180, 31 C. J. 881. The syllabus in Ealum v. State, (Okla. Crim.) 239 Pac. 933, is as follows:

"Unless time is a material ingredient of the offense, the precise time at which the offense was committed need not be stated in an indictment or information, and if stated, a variance between the proof and the allegation as to the date is not material so long as the crime is proven within three years prior to the initiation of the prosecution."

312

2.  The information in this case charged that the defendant "unlawfully and in a rude, insolent or angry manner" touched Charlie Bailey.  Objection is herein made to the disjunctive form of the charge.  A charge in that form is, in the absence of a statute permitting it, generally condemned by the courts.  31 C. J. 707; note 51 L. R. A. (N. S.) 133.  Some of the authorities hold an information in that form to be fatally defective, others hold it subject to a motion to quash.  If the words describing the character of the act are synonymous, the objection does not lie.  31 C. J. 707; State v. Bragg, (Mo. App.) 220 S. W. 25.  The words "rude, insolent and angry" are not entirely synonymous, and yet we cannot say that to characterize an assault by these words, stated disjunctively, would be the equivalent of stating no offense at all.  Section 7483, W. C. S. 1920, provides that "a motion to quash may be made in all cases where there is a defect apparent upon the face of the record, including defects in form of the indictment or in the manner in which the offense is charged."  We think that the most that can be said in this case is that the defect here complained of is one of those covered by this section of the statute; in other words that the information might have been subject to a motion to quash.  No such motion was made in this case, and the defect was accordingly waived pursuant to Section 7487, W. C. S. 1920.

3.  It is argued that the evidence is not sufficient to sustain the verdict and judgment, in view of the fact that the defendant stood in *loco parentis* to the prosecuting witness.  Courts are agreed that since parents, or those standing in their place, are charged with the duty of educating their children and bringing them up in accordance with certain standards, they have the right to exercise such control and restraint and to adopt such disciplinary measures as will enable them to discharge their parental duty; that, accordingly, it is not an assault and battery for a parent, or one standing in such place, to strike a child in punishment for disobedience or other misconduct, but is in the exercise of

a legal right in doing so. 2 R. C. L. 541. Courts are not agreed as to the extent of punishment. In 2 R. C. L. 542, the rule is stated as follows:

"The decided preponderance of authority, however, is that a parent in punishing his children must act in good faith with parental affection, must not exceed the bounds of moderation and must not be cruel or merciless, and that any act of punishment in excess of such limits is unlawful. * * * Whether in any case punishment exceeded the bounds referred to is a question of fact for the jury, and they may determine it from the injuries inflicted."

The punishment in the case at bar arose out of the fact that the prosecuting witness had a book on dancing, of which the defendant did not approve. The latter proceeded to destroy it, and the prosecuting witness told him that this was as good as stealing the book. While, doubtless, the defendant had a right to punish the prosecuting witness for such remark, there is, we think, sufficient evidence in the record to leave it to the jury to determine as to whether or not the punishment was in the exercise of parental duty and affection or whether it exceeded the bounds of moderation. The testimony indicates that the defendant struck the prosecuting witness with his fist; there is also testimony in the record that he used a stick of wood 18 inches long and 5 inches in diameter, and while it may not be true, as testified by the witnesses for the state, that he hit the prosecuting witness with it while the latter was sitting in a chair, still the use of it at all was a circumstance in determining the moderation in punishment or the want of it. The question of guilt was one peculiarly within the province of the jury, with which we cannot interfere. The intent to commit the offense might, of course, as already indicated, be gathered from the manner in which it was committed. The judgment is affirmed.

*Affirmed.*

KIMBALL and RINER, JJ., concur.