(136 So. 418)

## CAMERON v. STATE.

### 8 Div. 984.

Court of Appeals of Alabama.

Aug. 4, 1931.

D. Isbell, of Guntersville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, J.

This prosecution was begun in the county court, where the defendant was convicted, and from that judgment he took an appeal to the circuit court and perfected the appeal as is provided by section 3839 of the Code of 1923 (Mitchie's 1928 Code, § 3839). On the trial, it was made to appear by evidence that the papers as transmitted to the clerk of the circuit court were lost or mislaid and could not be found. The court, upon proof being made of their contents, entered an order that the papers be substituted, and upon the substituted papers the trial proceeded on the complaint as filed by the solicitor, based upon the substituted papers. This was the proper procedure, and, satisfactory evidence having been made of the loss and the contents of the papers filed with the clerk of the circuit court, the court committed no error in its several rulings. 16 Corpus Juris 345 (632); 15 Corpus Juris 980 (406); Ward v. State, 78 Ala. 455. The provisions made in the Code for the substitution of records in civil cases is cumulative to the inherent power of courts to substitute lost records and papers.

The defendant was convicted on a charge of assault and battery on the person of Monroe Teal, his stepson.

There are many exceptions reserved to the rulings of the court on the introduction of the testimony. So many, in fact, that to discuss them in detail would extend this opinion to unusual and unnecessary length. We, therefore, shall state the general principles of law governing the case as it is presented to us by the record. The law authorizes a parent or a step-parent, when the child is a member of the family, to administer such reasonable corporal punishment as the character of the misconduct of the child seems to warrant. In administering chastisement to a child, the parent, or one standing in his place, acts in a judicial capacity, and is not to be held legally responsible for errors of judgment, although the punishment may appear to the trial court or jury to be unreasonably severe and not proportioned to the offense. In so chastising the child, however, the parent must act "conscientiously and from motives of duty," and not malo animo. Reeves Dom. Rel. (4th Ed.) 357, 358; Boyd v. State, 88 Ala. 169, 7 So. 268, 16 Am. St. Rep. 31. In this connection, Mr. Bishop pertinent-

ly says: "The law has provided no means whereby a parent meditating chastisement, can first have a judicial opinion as to its necessity, the proper instrument, and its due extent. In reason, therefore, if he acts in good faith, prompted by pure parental love, without passion, and inflicts no permanent injury on the child, he should not be punished merely because a jury, reviewing the case, do not deem that it was wise to proceed so far." 1 Bish. Crim. Law (4th Ed.) 244. Other text-writers, as well as the best considered opinions, subscribe to the foregoing rule. As to whether a parent acts in good faith and with parental love must, of necessity, rest as a question for the jury, under proper instruction of the court. In arriving at their verdict, they are entitled to have all the facts and circumstances leading up to the act of chastisement, and relating thereto. And, as tending to prove the animus of defendant, the facts of former whippings, at other times and places, are admissible, but not the details of such other whipping.

█ Subsequent difficulties, however, are not admissible. The state has elected to prosecute for an assault and battery: "Down below Franks." What happened after that at "Free Home Church" is not relevant, and its admission as evidence is error to a reversal.

Other questions presented will perhaps not arise on another trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.