THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CLEOFE CINTRÓN, Defendant and Appellant.

No. 7119. Argued June 9, 1938.—Decided July 6, 1938.

*Luis F. Camacho* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Cleofe Cintrón, convicted of having assaulted and battered a child, asked for a reversal, and the prosecuting attorney (*Fiscal*), on the ground that the judgment is contrary to the evidence, agreed.

A witness for the Government, a policeman, gave testimony tending to show that the defendant used a strap on María Luisa Cora, a child, and caused her two or three light bruises readily cured and not needing medical attention. It transpires that Tomasa Cora was a married woman; that she was abandoned by her husband; that she took up her life with the defendant who supported both her and the child, giving the said child food, lodging, and sending her to school, etc. These facts were testified to by the mother and quite

willingly by the child. The facts were so resumed by the prosecuting attorney, who goes on to say that the mother had authorized the defendant to correct the child when she did anything wrong; that on the day of the alleged assault and battery, the child had been insulting to a neighbor and the defendant had chastised the child, giving her two blows with a strap that produced no injury.

The definition of assault and battery is as follows:

"The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself an immediate intention, coupled with an ability to commit a battery, is an assault." (Penal Code, 1937 ed., page 154.)

Paragraph 2 of the Act of the Legislature provides:

"Violence used to the person does not amount to an assault or an assault and battery in the following cases:

"1. In the exercise of the right of moderate restraint or correction given by law to the parents over the child, the guardian over the ward, the master over his apprentice, whenever the former be authorized by the father or guardian of the latter so to do; . . ." (*Id.*, page 154.)

Under a similar statute the jurisprudence of Texas is to the effect that anybody who stands in *loco parentis* may punish in the same way as a father and, under the general jurisprudence, a stepfather has been protected and likewise a brother. *Gorman* v. *State,* 42 Texas 221; *Snowden* v. *State,* 12 Texas Ct. App. 105, 41 Am. Rep. 667, 669; *Cameron* v. *State,* 24 Ala. App. 438, 136 So. 418; *Dean* v. *State,* 89 Ala. 46, 8 So. 38, 39; *Haydon* v. *State,* 15 Ala. App. 61, 72 So. 586; *State* v. *Spiegel,* 39 Wyo. 309, 270 P. 1064, 64 A.L.R. 289.

The effect of these decisions is that the word "father" may be used as a term to include anybody who definitely takes the place of a father. When the exception is examined it may be seen that the statute says "in the exercise of the right of moderate restraint or correction." This a stepfather may

have, so that the rest of the words of the exception may be held to presuppose a right of moderate restraint or correction in a person who stands in *loco parentis*.

The judgment should be reversed and the defendant discharged.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.