El Pueblo de Puerto Rico, demandante y apelado *v.* Cleofe Cintrón, acusado y apelante.

Núm. 7119.—*Sometido:* Junio 9, 1938. *Resuelto:* Julio 6, 1938.

*Luis F. Camacho,* abogado del apelante; *R. A. Gómez, Fiscal, y Luis Janer,* Fiscal Auxiliar, abogados de El Pueblo, apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Cleofe Cintrón, convicto de haber acometido y agredido a una menor, solicita la revocación de la sentencia, y el fiscal, fundándose en que la prueba no sostiene la sentencia, se allana.

Un policía, testigo del Pueblo, hizo una declaración tendente a demostrar que el acusado le pegó a María Luisa Cora, menor de edad, con una correa y que le causó dos o tres contusiones leves, que se curaron en seguida sin necesidad de atención médica. Sucede que Tomasa Cora era una mujer casada; que su esposo la abandonó y que ella se fué a vivir con el acusado, quien la mantenía tanto a ella como a su hija, dándole a dicha menor alimentos, albergue y ocupándose de su educación, etc. Estos hechos fueron declarados por la madre y muy de buena voluntad, por la hija. El fiscal hizo el resumen que antecede y además dice que la madre había autorizado al acusado a corregir a la menor cuando hiciese algo impropio; que el día del alegado acometimiento y agresión la nena había insultado a un vecino y el acusado la había castigado dándole dos correazos que no le causaron daño alguno.

La definición del delito de acometimiento y agresión es como sigue:

"Todo acto ilegal de inferir algún daño violento en la persona de algún semejante con la intención de causarle daño, cualesquiera que sean los medios o el grado de violencia que se emplearen, constituirá un delito de acometimiento y agresión. Toda tentativa para cometer una agresión, o cualquiera señal de amenaza que demuestre en sí o con palabras una intención inmediata acompañada de aptitud para cometer la agresión, será considerada como un acometimiento." (Código Penal, edición de 1937, pág. 155.)

El párrafo dos de la Ley de la Asamblea Legislativa dispone:

"La violencia empleada contra una persona no constituirá acometimiento ni acometimiento y agresión en los siguientes casos:

"1. Cuando se emplee en el ejercicio del derecho de una represión o corrección moderada concedida por la ley al padre sobre el hijo, al tutor sobre el pupilo y al principal sobre el aprendiz; siempre que aquél esté autorizado para ello por el padre o tutor de éste. . ." (Id., pág. 155.)

Bajo un estatuto similar, la jurisprudencia de Tejas es al efecto de que cualquiera persona que se halle en *loco parentis* puede castigar del mismo modo que un padre y bajo la jurisprudencia general, un padrastro y un hermano han sido protegidos por dicho principio. *Gorman* v. *State,* 42 Texas 221; *Snowden* v. *State,* 12 Texas Ct. App. 105, 41. Am. Rep. 667, 669; *Cameron* v. *State,* 24 Ala. App. 438, 136 So. 418; *Dean* v. *State,* 89 Ala. 46, 8 So. 38, 39; *Haydon* v. *State,* 15 Ala. App. 61, 72 So. 586; *State* v. *Spiegel,* 39 Wyo. 309; 270 P. 1064, 64 A.L.R. 289.

El efecto de estas decisiones es que la palabra "padre" puede usarse como un término que incluya a cualquiera que definitivamente ocupe el lugar de un padre. Cuando se analiza la excepción puede verse que el estatuto dice "en el ejercicio del derecho de una represión o corrección moderada." Este derecho puede tenerlo un padrastro, de suerte que el resto de las palabras de la excepción, pueden consi-

derarse como que presuponen un derecho de reprensión o corrección moderada, en cualquiera persona que se encuentre en *loco parentis*.

*La sentencia debe ser revocada y absolverse al acusado.*

Los Jueces Asociados Señores Travieso y De Jesús no intervinieron.