EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS PONCE ÁVILA, acusado y apelante.

Número: CR-76-28     Resuelto: 21 de septiembre de 1976

214

*Félix A. Ramos Cabán,* abogado del apelante; *Miriam Naveira de Rodón, Procuradora General,* y *Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Un maestro de cuarto grado le dio tres golpes con una vara (*pointer*) por las piernas a su discípulo de nueve años que había observado una actitud contumaz de desobediencia frente a reiteradas llamadas al orden para que dejara de hablar y lanzara la goma de mascar que tenía en la boca. Al interponer su mano, el niño sufrió un golpe sin fractura en el dedo meñique (Determinación del Juez, T.E. pág. 87). El maestro apela de la sentencia de $25 que le impuso el Tribunal Superior al hallarlo culpable de agresión simple.

El castigo corporal moderado del discípulo por el maestro en casos de persistente indisciplina es un método de reprensión dirigido a mantener el orden en el salón de clases y a sostener los principios de decencia y de respeto al derecho ajeno que queremos preservar. Confiada al maestro la instrucción del hijo debe entenderse implícita la autorización del padre para que en caso necesario se restrinja la conducta del alumno por medios físicos. (33 L.P.R.A. sec. 822(1)). Notamos sin embargo, que dicho método está

proscrito por el Reglamento de Instrucción Pública. (¹)

Este caso pudo haberse mantenido y resuelto en el ámbito administrativo escolar. El citado Reglamento provee que cualquier alumno que se creyere víctima de alguna injusticia cometida por su profesor deberá quejarse al superintendente de escuelas del distrito, de cuya decisión podrá apelar, si necesario fuese, al Secretario de Instrucción Pública y se resume la regla general de conducta así: ". . . Los alumnos de las escuelas públicas de Puerto Rico tendrán derecho a quejarse y a protestar con el respeto y decoro debidos de los actos de sus profesores y principales, o principales auxiliares, pero deberán permanecer en la escuela hasta que tales quejas o protestas hayan sido investigadas y resueltas; y mientras permanezcan en la escuela deberán conducirse con respeto y obediencia." 18 R.&R.P.R. sec. 31–174.

█ Planteada esta pequeña controversia en el cauce extraño del derecho penal, debe resolverse en estricta observancia de las normas de procedimiento criminal. La intención del maestro al recurrir a este método de disciplina no era otra que la de corregir o reprender, y al mismo tiempo proteger el orden en el salón de clases sin el cual no puede haber enseñanza. No hay indicio alguno en la prueba que acuse intención criminal, elemento esencial de todo delito. Disponía el Art. 11 del Código Penal de 1902 que en todo delito ha de haber unión o simultaneidad entre el acto y la intención criminal (33 L.P.R.A. sec. 32). Y su concordante Art. 14 del Código Penal de 1974 previene que nadie podrá ser sancionado por una acción u omisión que la ley prevé como delito si la misma no se realiza con intención o negligencia criminal (33 L.P.R.A. sec. 3061).

---

(¹) Sobre el particular dispone dicho Reglamento: "El Departamento de Instrucción Pública no aprueba el uso de los castigos corporales en las escuelas públicas de Puerto Rico. Este método de castigo queda absolutamente prohibido por la presente." 18 R.&R.P.R. sec. 31–173.

No tiene este caso los perfiles de gravedad que justifique una intromisión de los tribunales mediante el encausamiento criminal en la esfera de la educación. Hay niños que requieren un mayor grado de severidad en la etapa escolar de sus vidas que quizás les libre en su futuro de las sanciones punitivas con que la sociedad trata a los infractores adultos. En bien de ellos y de la docencia en nuestro país no debemos devolver al salón de clases un maestro con el estigma de una convicción, a enfrentarse desmoralizado a una comunidad escolar que se encargará de recordarle todos los días el fracaso del sistema. *Revocada.*

El Juez Presidente Señor Trías Monge disintió con opinión. El Juez Asociado Señor Martín concurre en el resultado.

—O—

Opinión disidente emitida por el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 21 de septiembre de 1976

Se denunció al señor Ponce Avila ante el Tribunal de Distrito por el delito de acometimiento y agresión grave. Se fundó la denuncia en la alegación que el acusado, maestro de instrucción pública en Las Croabas, había agredido el 16 de noviembre de 1971 en el salón de clases a un alumno de nueve años de edad, Simón Spitz Mercado, golpeándole en la pierna (Determinación del Juez (T.E. pág. 87)) y teniendo que enyesársele un dedo (T.E. pág. 9), según el niño, aunque no hay constancia de que sufriese fractura. La Sala de Fajardo del Tribunal de Distrito halló culpable al denunciado, condenándole a pagar una multa de doscientos cincuenta dólares o en su defecto un día de cárcel por cada dólar que dejara de pagar hasta un máximo de noventa días. El señor Ponce apeló ante el Tribunal Superior donde, tras la celebración de un juicio *de novo*, se redujo por el juez la calificación del delito a acometimiento y agresión simple,

condenándose al acusado a pagar una multa de veinticinco dólares o un día de cárcel por cada dólar que dejase de satisfacer. De esta sentencia se apela ante nos, sosteniéndose que la prueba no establece los elementos esenciales del delito y que el juzgador demostró en verdad duda razonable en cuanto a la culpabilidad del acusado.

No le asiste razón al apelante. Hay base suficiente en el récord para sostener la conclusión del juez, quien expresó claramente que "Después de desfilada esta prueba, al Tribunal no le cabe la menor duda de que este Señor acusado acometió y agredió al menor Simón Spitz Mercado." (T.E. pág. 83.) El acusado niega haber castigado al menor corporalmente, pero hubo declaraciones, que a todas luces le merecieron crédito al juzgador, al efecto de que el maestro agredió varias veces al alumno con un palo al ordenarle que cesara de hablar y éste limitarse entonces a reducir la voz. (T.E. págs. 6, 26.) Tampoco demostró el juzgador duda razonable sobre la culpabilidad del apelante. Su análisis de la prueba lo llevó más bien a concluir que el delito de acometimiento y agresión debía reducirse de grave a simple. (T.E. pág. 83.) Otras expresiones del juez no entrañan el significado que el apelante les atribuye.

Vale señalar también que el récord no revela prueba alguna demostrativa de que no se cometió el delito por razón de mediar las circunstancias a que se alude en la Sec. 2 de la Ley de 10 de marzo de 1904, 33 L.P.R.A. sec. 822(1), hoy derogada, pero vigente a la fecha de los hechos de este caso. Se dispone en ella:

"La violencia empleada contra una persona no constituirá acometimiento ni acometimiento y agresión en los siguientes casos:

1. Cuando se emplee en el ejercicio del derecho de una reprensión o corrección moderada concedida por la ley al padre sobre el hijo, al tutor sobre el pupilo y al principal sobre el aprendiz; siempre que aquél esté autorizado para ello por el padre o tutor de éste."

No se presentó en esta causa prueba alguna de que los padres del perjudicado habían autorizado al apelante a castigar corporalmente al niño. El tribunal, sin embargo, concluye que "Confiada al maestro la instrucción del hijo debe entenderse implícita la autorización del padre para que en caso necesario se restrinja la conducta del alumno por medios físicos." Discrepo de esta interpretación. Si fuera así, ¿por qué insertar en el estatuto el requisito de autorización por el padre o tutor? ¿Por qué se dispuso entonces en el Reglamento de Instrucción Pública, 18 R.&R.P.R. sec. 31–173, que "El Departamento de Instrucción Pública no aprueba el uso de castigos corporales en las escuelas públicas de Puerto Rico. Este método de castigo queda absolutamente prohibido por la presente."? La interpretación del tribunal anula estas disposiciones de ley. Anula también la decisión en *Pueblo* v. *Cintrón*, 53 D.P.R. 415 (1938).

Tampoco hallo base en la ley, la jurisprudencia o la doctrina para requerir que se supedite el procedimiento criminal al administrativo o para resolver que la prueba no sostuvo los elementos del delito.

El problema de la disciplina de estudiantes por maestros ha estado sujeto a diversos enfoques. Véanse: *Baker* v. *Owen*, 395 F.Supp. 294 (M.D.N.C. 1975) confirmado en 423 U.S. 907 (1975); *Ingraham* v. *Wright*, 525 F.2d 909 (5th Cir. 1976); *Gonyaw* v. *Gray*, 361 F.Supp. 366 (D. Vt. 1973); *Farrell* v. *Joel*, 437 F.2d 160 (2d Cir. 1971); C. Silberman, *Crisis in the Classroom*, Random House, N.Y., 1970, pág. 91; V. Hawkins, *The Negativism of Corporal Punishment*, 49 The Clearing House 5 (1976), pág. 223 y ss.; C. Schumacher, *Exit Corporal Punishment*, 31 Educational Leadership 8 (1974), pág. 688; S. Francis y E. J. Hirshberger, *Corporal Punishment in Schools:* 1973, 30 Educational Leadership 7 (1973), pág. 591; J. Dewey, *The School and Society*, Univ. of Chicago Press, 1902, pág. 148. El Departamento de Instrucción Pública ha fijado la filosofía educativa sobre el particu-

lar. No nos toca establecer una filosofía distinta en ausencia constitucional o estatutaria.

Confirmaría la sentencia apelada.